GEORGE ROSETTE, Plaintiff, *v.* BEATRICE P. WERTHEIM, Defendant.

Supreme Court, Special Term, New York County, July 8, 1949.

*Thomas H. McManus* for defendant.

*Isidor Stroll* for plaintiff.

HAMMER, J. The application of the defendant to strike, pursuant to rule 103 of the Rules of Civil Practice, allegations of the complaint as irrelevant and redundant, is denied, and the application under rule 102 requiring plaintiff to make complaint more definite and certain is also denied.

The action is in libel based on statements contained in a letter, which was duly published, in which the plaintiff is accused of being a liar. The letter contained certain statements which, standing by themselves, would perhaps not give rise to a cause of action in libel. However, being read in connection with the direct statement that he lies so much, they are properly pleaded, and it is for the jury to say whether or not in connection with the entire libel the words in the innuendo sought to be stricken were intended to convey that the plaintiff is not an individual to be trusted.

As to that branch of the motion which seeks to require plaintiff to make his complaint more definite and certain, it is stated that the nature of the malignment is not sufficiently stated and, further, objection is taken to the fact that the complete letter in which the purported libelous words were written is not made part of the complaint. The plaintiff is under no compulsion to quote the entire letter as an exhibit. If the defendant is aggrieved by its absence she can obtain the same by way of a bill of particulars.

The motion is in all respects denied, with leave to defendant to serve an answer within ten days after service of a copy of this order.